UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARMANDO ARCE,

     Plaintiff,

v.                              Case No. 3:24cv286-TKW-HTC

DAVID OBERLIESEN,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Armando Arce, seeking to proceed *in forma pauperis*, has filed a civil complaint against David Oberliesen, Circuit Court Judge for the First Judicial Circuit of Florida, in his individual *and* official capacity. Doc. 1. Plaintiff alleges Judge Oberliesen violated his constitutional and other rights in issuing certain rulings in a domestic relations case, including terminating Plaintiff's parental rights and issuing an injunction against him, which "placed [him] on a nationwide database as a perpetrator of Domestic Violence." *Id.* at 4. Plaintiff also alleges the court lacked subject matter jurisdiction in the matter and Judge Oberliesen defamed him in written orders. Upon review, the undersigned finds the complaint should be DISMISSED because Judge Oberliesen is immune from liability.[1]

---

[1] Under 28 U.S.C. § 1915, the Court shall dismiss an action, or any part thereof, brought by Plaintiff seeking to proceed *in forma pauperis*, if the Court determines the action is (1) frivolous or

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).  The immunity applies to § 1983 actions.  *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (applying doctrine to § 1983 claims).  This immunity applies even if the judge "made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).  And the immunity applies to actions for damages and suits seeking injunctive and declaratory relief.  *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) (citing *Bolin*, 225 F.3d at 1242).

In determining whether a judge's act is "judicial" for purposes of immunity, courts consider (1) whether the act is one normally performed by judges, and (2) whether the complaining party was dealing with the judge in his judicial capacity. *Stump*, 435 U.S. at 362.  The Eleventh Circuit has considered the following factors when determining whether an act by a judge is "judicial": (1) was the act complained of a normal judicial function; (2) did the events occur in the judge's chambers or in open court; (3) was the controversy involved a case pending before the judge; and (4) did the confrontation arise immediately out of a visit to the judge in his judicial

---

malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Applying those factors to Plaintiff's allegations, it is clear the acts complained of by Plaintiff were undertaken by Judge Oberliesen in his judicial capacity.

Plaintiff alleges, for example, that Judge Oberliesen believed Plaintiff was incapacitated and ordered him "to obtain a mental health evaluation before he could see his children." Doc.1 at 2. Although "Plaintiff positively demonstrated his service connected disability was under control and not an issue," Judge Oberliesen refused to entertain Plaintiff's "meaningful argument" and "denied any challenges." *Id.* He also failed to appoint the office of criminal conflict and civil regional counsel or a private attorney and "continued ruling against the Plaintiff … summarily adjudging guilt of the Plaintiff based solely on his disability." *Id.*

In addition, Judge Oberliesen "summarily denied the Plaintiff's Qualified Immunity and his due process," by issuing an injunction using terms and elements from Florida's criminal battery statute, § 784.03, which were not included in the domestic violence statute, §741.28. *Id.* at 3–4. Finally, Judge Oberliesen prohibited Plaintiff from contacting his children and entering his property and gave his estranged wife exclusive possession of the home. *Id.* at 3, 5.

Contrary to Plaintiff's conclusory assertion that he "was not dealing with [Judge Oberliesen] in his judicial capacity," Doc. 1 at 3, the Judge's actions—such as rejecting Plaintiff's arguments, deciding whether to appoint counsel for him,

issuing an injunction and other rulings—fall squarely within normal judicial functions, occurred in court proceedings, and involved a matter pending before the Judge. *See Aruca v. Allan*, 2022 WL 5089604, at *1 (11th Cir. Oct. 5, 2022) ("Ruling on pending actions is the core of the judicial function."). Thus, Plaintiff's claims against Judge Oberliesen in his individual capacity are barred by judicial immunity.

Plaintiff's allegation that Judge Oberliesen lacked subject matter jurisdiction over him or "usurped jurisdiction" does not take this case outside of the judicial immunity arena. Jurisdiction "means judicial power to hear and determine a matter, not the manner, method or corruptness of the exercise of that power." *McGlasker v. Calton,* 397 F. Supp. 525, 530 (M.D. Ala.), *aff'd*, 524 F.2d 1230 (5th Cir. 1975). It is only action taken by a judge in "clear absence of all jurisdiction," that loses immunity protection. *See Dykes*, 776 F.2d at 946-48. Here, Judge Oberliesen, as a circuit court judge, had subject matter jurisdiction to hear domestic violence actions. Regardless, even if Judge Oberliesen erred in determining there was subject matter jurisdiction, an act in error or in excess of jurisdiction does not defeat immunity. *See McCullough*, 907 F.3d at 1331; *Stevens v. Osuna,* 877 F.3d 1293, 1305 (11th Cir. 2017) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his

authority.").   Thus, Judge Oberliesen is absolutely immune against Plaintiff's claims for damages or declaratory relief in his individual capacity.

Plaintiff's claims against Judge Oberliesen in his official capacity are also barred by the Eleventh Amendment.  *See Simmons*, 86 F.3d at 1085 (finding sovereign immunity precluded an award of damages against a judge for claims brought in his official capacity).

Although Plaintiff may be unhappy with Judge Oberliesen's decisions, Plaintiff fails to allege any facts showing that Judge Oberliesen acted in the absence of jurisdiction.   Plaintiff's allegations against Judge Oberliesen relate to normal judicial functions ordinarily performed by a judge.   As the Supreme Court has recognized, "[a judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).   "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.   The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication." *Forrester v. White*, 484 U.S. 219, 226–27 (1988).   The

undersigned, therefore, recommends that this action be dismissed, *sua sponte*, prior

to service.[2]

Accordingly, it is RECOMMENDED:

1.    That Plaintiff's complaint, Doc. 1, be DISMISSED.

2.    That all pending motions be DENIED as MOOT.

3.    That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of June, 2024.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

---

[2] A *sua sponte* dismissal is appropriate when a party receives notice and an opportunity to be heard. This Report and Recommendation serves as such as notice and Plaintiff will have an opportunity to file an objection.